UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| BT PRIME LTD., | ) | |
| | ) | Chapter 11 |
| Debtor | ) | Case No. 15-10745 |
| | ) | |

**UNITED STATES TRUSTEE'S MOTION
TO CONVERT DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7
(WITH CERTIFICATE OF SERVICE)**

TO THE HONORABLE FRANK J. BAILEY,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 1, moves the Court to convert the chapter 11 case of BT Prime Ltd. ("Debtor") to chapter 7, because:

- the Debtor's controlling shareholder, sole director and CEO, George Popescu, grossly mismanaged its affairs prior to the petition date by permitting third parties, Forexware LLC and Forexware Malta Holdings Ltd. (collectively "Forexware"), to take control of the Debtor's assets, operations and customer accounts and, Mr. Popescu claims, to misappropriate customer funds;

- the Court should entrust the Debtor's sole bankruptcy exit strategy – liquidation – to a bonded estate fiduciary – a chapter 7 trustee; and

- conversion is in the best interests of creditors and the estate.

In support, the United States Trustee states:

**JURISDICTION, VENUE AND BASIS FOR RELIEF**

1. The Court has jurisdiction over this matter under 28 U.S.C. 157 and 1334.

2. This is a core proceeding under 28 U.S.C. 157(b)(2)(A).

1

3. Venue is proper in this court under 28 U.S.C. 1408 and 1409.

4. The basis for relief includes 28 U.S.C. 586(a)(3), 11 U.S.C. 307, 1112(b) and Fed. R. Bankr. P. 1017.

**FACTS**

5. The Debtor filed its voluntary chapter 11 case on March 2, 2015. Mr. Popescu executed the petition as chief executive officer. He is the Debtor's controlling shareholder and sole director. Debtor's March 2, 2015 emergency motion for authority to provide notice by email *(Docket #2)* ("Email Motion") at 2.

6. In the Email Motion, the Debtor requests Court authorization, on an emergency basis, to modify the requirements of Fed. R. Bankr. P. 2002 and to permit it to provide notice to its creditors exclusively by email. *Email Motion*.

7. In support of the Email Motion, the Debtor, as corroborated in part by Mr. Popescu's now verified statements,[1] admits:

    a. that the Debtor it is a Bermuda corporation;

    b. that the Debtor is not registered to do business in any United States jurisdiction, including the Commonwealth of Massachusetts;

    c. that the Debtor is engaged in the business of allowing customers to trade currencies through a proprietary Internet-based bid and ask exchange platform;

---

[1] *See* March 4, 2015 turnover complaint ("Turnover Complaint"), styled *"BT Prime Ltd. v Boston Technologies Powered By Forexware LLC f/k/a Forexware LLC, Forexware Malta Holdings Ltd., FXDD Malta Ltd., Emil Assentato, Shawn Dilkes, and Matthew Nolan"* and commencing Adv. P. No. 15-10745, where Mr. Popescu reiterates largely the same facts as set forth in the Email Motion and states "I, George Alex Popescu, declare and state under penalty of perjury that I am the CEO of the Debtor, BT Prime, Ltd, the plaintiff in this action, that I am personally familiar with the matters described in the forgoing Verified Complaint, and that the matters set forth in the foregoing Verified Complaint are true and accurate to the best of my knowledge, information, and belief . . . ."

d. that the Debtor is an unregistered and unregulated currency brokerage;

e. that Mr. Popescu developed the currency exchange platform used by the Debtor through a Delaware corporation that he controls, Boston Technologies, Inc. ("BTI");

f. that the Debtor's customers are foreigners;

g. that the Debtor's customers deposited funds with the Debtor to execute currency trades;

h. that the Debtor's sister corporation, Boston Prime, Ltd., like the Debtor, is a currency brokerage;

i. that the Debtor has never had any employees;

j. that BTI and its employees serviced all of the Debtor's currency trading customers;

k. that Mr. Popescu sold certain of BTI's assets, including the currency exchange platform, to Forexware on July 11, 2014;

l. that Forexware did not purchase the Debtor and Boston Prime, Ltd. when it acquired BTI;

m. that Mr. Popescu nevertheless permitted Forexware to take control of the Debtor's assets, operations and customer accounts on July 11, 2014;

n. that Mr. Popescu had access to the Debtor's business records following the sale to Forexware;

o. that Forexware terminated the Debtor's business in or about January, 2015;

p. that Mr. Popescu continued to work as an employee of Forexware following the sale until he was terminated without warning or stated cause on February 5, 2015;

q. that Mr. Popescu believes that Forexware misappropriated the Debtor's customer account funds in or about January, 2015 to cover its own or its customers' trading losses;

    r. that the Debtor has customer funds on deposit at "TD Bank in Boston;"

    s. that the Debtor will seek to recover assets from Forexware through the Turnover Complaint; and

    t. that the goal of the Debtor's chapter 11 case is "to administer the wind-up of its financial affairs and [to] distribut[e] [its assets] to its customers and creditors in an efficient and equitable manner . . . ."

*Email Motion*.

8. Based upon information and belief (including a March 3, 2015 telephone conversation with the Debtor's attorneys and a review of the March 4, 2015 verified Turnover Complaint) and subject to further discovery:

    a. the Debtor had at least 100 customers as of the petition date;

    b. as of January 28, 2015, the Debtor had as much as $2,816,193.53 on deposit in accounts at TD Bank Boston and two foreign banks;

    c. Mr. Popescu has access to these accounts;

    d. Mr. Popescu has attempted to "freeze" the accounts;

    e. most of the funds deposited in the accounts are co-mingled customer money;

    f. Boston Prime, Ltd. is currently in special administration (liquidation) proceedings in the United Kingdom;

    g. there may be inter-company liabilities as between the Debtor and Boston Prime, Ltd.; and

    h. the Debtor is incurring post-petition expenses, including restructuring costs.

**ARGUMENT**

9. Unlike a chapter 7 case, no trustee is automatically appointed for a chapter 11 debtor, which remains in control of its assets and operations as a debtor-in-possession. 11 U.S.C.

4

1107. *See Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 573 (3d Cir.2003) *(en banc)* (holding that a bankruptcy court may grant a creditors' committee derivative standing to bring fraudulent transfer actions on behalf of the estate, where the chapter 11 debtor's management unreasonably refuses to do so).

10. Among other rights, powers and duties, a trustee is the estate representative, has the authority to sue and be sued, controls estate assets and must account for all property received. *See* 11 U.S.C. 323, 521(4), 704 and 1106(a).

11. A trustee has a fiduciary duty to creditors to maximize the value of the estate for their benefit. *Cybergenics* at 573. To do so, he may use his authority under 11 U.S.C. 544, 547, 548, 549, 550 and 551 to avoid certain pre- and post-petition transfers. *Id.*

12. With certain exceptions, debtor-in-possession assumes the trustee's rights, powers and duties under 11 U.S.C. 1107(a).[2] Like a trustee, a debtor-in-possession is a fiduciary of "the estate and its constituents," including creditors. *In re DN Associates*, 144 B.R. 195, 198 199 (Bankr. D. Me. 1992), *aff'd*, 3 F.3d 512, 514 - 515 (1st Cir. 1993), *citing Commodity Futures Trading Com'n v. Weintraub*, 473 U.S. 343, 354 (1985).

13. A debtor-in-possession's fiduciary duties include maximizing the value of the estate for creditors through avoidance powers. *Cybergenics* at 573.

14. A chapter 11 debtor normally operates through its board of directors and officers. *See* 7 *Collier on Bankruptcy* ¶ 1108.02 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2014); 11 U.S.C. 1107 and 1108. "There is a presumption in a chapter 11 case that the debtor is

---

[2] 11 U.S.C. 1107(a) largely equates the rights, powers and duties of a debtor-in-possession with those of a trustee, subject to court-prescribed limitations and the exclusive of the right to estate professional compensation under section 330. It excludes "the [trustee] duties specified in section 1106(a)(2), (3) and (4) . . . ."

5

to continue in control and possession of its business . . . ." *In re Garland Corp.*, 6 B.R. 456, 461 (BAP 1st Cir. 1980).

15. However, "[t]he willingness to leave debtors in possession is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibility of a trustee . . . ." *In re Microwave Products of America, Inc.*, 102 B.R. 666, 672 (Bankr. W.D. Tenn. 1989), *citing Weintraub* (internal quotation marks omitted).

16. Mr. Popescu, in permitting Forexware to take control of the Debtor's assets, operations and customer accounts on July 11, 2014, grossly mismanaged the Debtor's financial affairs and permitted Forexware (he claims) to abscond with estate property. This constitutes "cause" to convert the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(4)(B).

17. The circumstances set forth above also demonstrate **1)** continuing loss to or diminution of the Debtor's estate, **2)** the absence of a reasonable likelihood that the Debtor can rehabilitate its financial affairs and, therefore, **3)** "cause" to convert the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(4)(A).

18. Inasmuch as Mr. Popescu's goal is to recover the Debtor's assets from Forexware, to liquidate them and to distribute the proceeds to creditors, the Debtor's chapter 11 case serve no reorganization purpose, particularly where he remains in control. *Fields Station, LLC v. Capitol Food Corp. of Fields Corner In re Capitol Food Corp. of Fields Corner)*, 490 F.3d 21, 25 (1st Cir. 2007). This constitutes "cause" to convert the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b).

19. To the extent that the estate may have causes of action against him, Mr. Popescu is inherently conflicted. *See In re Graf Bros., Inc.*, 19 B.R. 269, 270 (Bankr. D. Me. 1982). This

constitutes "cause" to convert the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b).

20.     The Court should entrust the execution of the admitted, ultimate goal of this case – liquidation - to a Court fiduciary - a bonded chapter 7 trustee - who will conclude the case more efficiently and reliably than could Mr. Popescu. *See Matter of Maplewood Poultry Co.*, 2 B.R. 545 (Bankr. D. Me. 1980).

21.     Accordingly, the interests of creditors and the estate would best be served by the immediate conversion of the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(1). *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 371 (5th Cir. 1987) (*en banc*), *aff'd* 484 U.S. 365 (1988) (noting that "The charge to the bankruptcy judge under §1112, then, is to evaluate each debtor's viability in light of the best interest of creditors and the estate . . . .").

**REQUESTED RELIEF**

For these reasons, the United States Trustee requests that the Court enter orders: 1) converting the Debtor's chapter 11 case to chapter 7; and 2) granting him all such other and further legal and equitable relief to which he may be entitled.

        Respectfully submitted,

        WILLIAM K. HARRINGTON
        UNITED STATES TRUSTEE,
        REGION 1

By:    */s/ Eric K. Bradford*
        Eric K. Bradford BBO#560231
        United States Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA 02109-3934
        PHONE: (617) 788-0415
        FAX: (617) 565-6368
        Eric.K.Bradford@USDOJ.gov

Dated: March 4, 2015.

## CERTIFICATE OF SERVICE

I certify that on March 4, 2015, true and correct copies of the foregoing motion were served by CM/ECF only upon the individuals who filed notices of appearance in the Court's CM/ECF database, including the Debtor's counsel, who is identified below.

        WILLIAM K. HARRINGTON
        UNITED STATES TRUSTEE,
        REGION 1

By:    */s/ Eric K. Bradford*
        Eric K. Bradford BBO#560231
        United States Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA 02109-3934
        PHONE: (617) 788-0415
        FAX: (617) 565-6368
        Eric.K.Bradford@USDOJ.gov

Dated: March 4, 2015.

Michael J. Goldberg on behalf of Debtor BT Prime Ltd.
goldberg@casneredwards.com

A. Davis Whitesell on behalf of Debtor BT Prime Ltd.
whitesell@casneredwards.com